THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID L. WEED, Appellant.— Order unanimously reversed and matter remitted to Onondaga County Court for further proceedings in accordance with the memorandum. Memorandum: Upon the peculiar and unusual facts presented at the hearing in this proceeding, we believe that it was an improvident exercise of discretion for the court to deny appellant's application for access to the testimony of the witness Archie Lee given before the Grand Jury. (Appeal from order of Onondaga County Court denying motion to vacate a judgment of conviction for robbery, first degree, and grand larceny, first degree, of March 5, 1959.) Present — Bastow, J. P., Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JARVIS C. CHRISJOHN, Appellant.— Order unanimously reversed and matter remanded to Onondaga County Court for further proceedings in accordance with memorandum. Memorandum: This *coram nobis* proceeding was commenced in April, 1961. It apparently was based upon allegations in a written petition that appellant's counsel, who appeared for him at the time of his plea of guilty in June, 1960, was incompetent and that the trial court erred in refusing to permit him to then withdraw his plea of guilty. The court in denying the application for *coram nobis* relief without a hearing wrote a memorandum that made lengthy references to a transcript of what took place at the time appellant attempted to withdraw his guilty plea. After we granted leave to appeal the Clerk of this court requested the file from the County Clerk. The original petition was not therein and we have been unable to obtain it. The file does not contain the transcript of the minutes relied on by the court in denying *coram nobis* relief. This is a recurring problem. Those papers relied on by the court in denying such relief should be recited in the order and filed therewith in the Clerk's office. It is scarcely necessary to state that the original petition should be filed in the Clerk's office. The order should be reversed and the matter remanded to Onondaga County Court for reconsideration anew. If the original petition cannot be found, appellant should be given an opportunity to start a new proceeding. (Appeal from order of Onondaga County Court denying a motion to vacate a judgment of conviction, without a hearing.) Present — Bastow, J. P., Goldman, McClusky and Henry, JJ.

JOHN M. THOMAS, Appellant, v. GERALD V. LEARY, Doing Business as BISON CITY STATIONERS, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

JOAN BROOKS et al., by HAROLD BROOKS, Their Guardian ad Litem, Respondents, v. NEW YORK STATE THRUWAY AUTHORITY, Appellant.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

CLARA GINTER, as Administratrix of the Estate of FRANCIS W. GINTER, Deceased, Appellant, v. CITY OF BUFFALO et al., Respondents. VIOLA G. WESOLOWSKI, as Administratrix of the Estate of MICHAEL A. WESOLOWSKI, Deceased, Appellant, v. CITY OF BUFFALO et al., Respondents.— Motion for reargument denied. Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.